WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Louis Gruver, Jr.,<br>Plaintiff,<br>vs.<br>Gamma Rho Housing Corporation,<br>Defendant. | No. CV 25-00251-TUC-JGZ (MAA)<br>**ORDER** |

Pending before the court is a motion, filed by the plaintiff, Donald Louis Gruver, Jr., on August 31, 2026, for reconsideration of the court's order denying his motion for appointment of counsel (Doc. 48) and for permission to file a reply brief in support of that earlier motion. Doc. 51.

Background

Previously, on June 15, 2026, Gruver filed a motion for appointment of counsel pursuant to 28 U.S.C.§ 1915(e)(1). Doc. 41. The defendant filed a response opposing the motion on June 19, 2026. Doc. 45. Gruver did not file a reply.

The court denied the motion in an order issued July 21, 2026. Doc. 48. The court explained as follows:

> "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* "When determining whether 'exceptional circumstances' exist, a court must consider the likelihood of

> success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. (punctuation modified). "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

Doc. 48. The court denied the motion after considering the "likelihood of success on the merits" and "the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*.

In the pending motion, Gruver moves that this court reconsider its order (Doc. 48) denying appointment of counsel. Doc. 51. He explains that he did not file a reply brief because he did not know that he could file one. He argues that the court should allow him to file a reply brief now and reconsider its order (Doc. 48) after considering his arguments in the reply. Doc. 51. He acknowledges that the pending motion is filed after the deadline for filing motions for reconsideration (LRCiv 7.2), but he argues that there is good cause to excuse this failure. Doc. 51.

On September 2, 2026, the court ordered Gruver to lodge his proposed reply brief. Doc. 52. Gruver did so on September 17, 2026. Doc. 55.

<u>Discussion</u>

A motion for reconsideration invites the court to re-litigate a matter, but it is appropriate in only "rare circumstances." *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). It is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (punctuation modified). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence [that could not have been presented earlier with reasonable diligence], (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J,Multnomah County v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LRCiv 7.2(g) ("The Court will ordinarily deny a motion for reconsideration

of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence.”).

A motion for reconsideration should not be used for the purpose of asking a court “to rethink what the court had already thought through – rightly or wrongly.” *Defenders of Wildlife*, 909 F. Supp. at 1351 (punctuation modified). A motion for reconsideration “may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.” *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003); LRCiv 7.2(g)(1). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

In this case, Gruver argues that the court should reconsider its order (Doc. 48) denying appointment of counsel because when he briefed that motion, he was unaware that he had the option to file a reply brief. Doc. 51. He implies that it would be “manifestly unjust” to rule on the motion without considering his arguments in reply. The court finds that even if Gruver were given permission to file a reply brief now, the court’s resolution of his motion to appoint counsel would not be affected.

In his lodged reply, Gruver argues that this court should not limit its inquiry simply to whether he can “articulate his claims pro se in light of the complexity of the legal issues involved.” Doc. 56, p. 2. Instead, he believes that the court should also consider his “ability to determine how his claims must be developed, supported, and pursued under the legal, procedural, and evidentiary requirements of federal litigation.” Doc. 56, p. 2. He asserts that “Plaintiff does not have the legal training or litigation experience necessary to determine what the law requires him to do . . . .” Doc. 56, p. 4. Essentially, he argues that the court should consider whether he has the ability to litigate effectively.

When considering whether "exceptional circumstances" exist that would justify appointment of counsel, the court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). As Gruver points out, "the ability of the petitioner to articulate his claims" is not the same as the ability of the petitioner to litigate effectively. These are different things. And when evaluating a motion to appoint counsel pursuant to 28 U.S.C.§ 1915(e)(1), the court concentrates its inquiry on the first thing, not the second thing. *Id*. It may very well be that Gruver, as a layman, does not have the ability to litigate as effectively as an attorney. But that is not an "exceptional circumstance" that will justify the appointment of counsel. 28 U.S.C.§ 1915(e)(1).

The court recognizes that there will be times when a litigant's ability to pursue his claims is so limited that appointment of counsel would be indicated. This, however, is not one of those cases. *But see, e.g., Maclin v. Freake*, 650 F.2d 885, 889 (7th Cir. 1981) (Court should have appointed counsel for prisoner who is "in no position to investigate facts germane to his complaint" because he is "confined to a wheelchair and in constant pain.").

IT IS ORDERED that the motion, filed by the plaintiff, Donald Louis Gruver, Jr., on August 31, 2026, for reconsideration of the court's order denying appointment of counsel (Doc. 48) and for permission to file a reply brief in support of that motion is Denied. Doc. 51. His request that this court find good cause for filing the motion for reconsideration after the deadline is Denied as Moot. Doc. 51.

DATED this 28th day of September, 2026.

Honorable Michael A. Ambri
United States Magistrate Judge